**Julia L. VIGEANT and Robert W. Vigeant, Plaintiffs,**

v.

**ZIMMER, INC., Defendant.**

**Civ. A. No. 82–3455–N.**

United States District Court, D. Massachusetts.

July 3, 1985.

John N. Lewis, Ravech, Aronson & Shuman, Boston, Mass., for plaintiffs.

Robert S. Kutner, Casner, Edwards & Roseman, Boston, Mass., Robert L. Rasor, Thomas R. Lemon, Steven Hearn, Rasor, Harris, Lemon & Reed, Warsaw, Ind., for defendant.

## MEMORANDUM OPINION

DAVID S. NELSON, District Judge.

The plaintiff, Julia Vigeant, is suing Zimmer, Inc. for alleged negligence, breach of warranty, and strict liability in tort in the design, manufacture, and sale of the defendant's product, the Offset Hinge Total Knee prosthesis. The defendant moved for summary judgment on the grounds that the plaintiff's diversity suit was barred by the applicable Massachusetts three-year statute of limitations, Mass.Gen.Laws Ann. ch. 260, § 2A and ch. 106, § 2–318 (West 1985). On the basis of that part of the record which is undisputed, the Court denied the defendant's motion on April 18, 1985 and now offers this memorandum in support of its decision.

The plaintiff, a longtime sufferer of rheumatoid arthritis, had her left knee replaced with the defendant's prosthetic device in June 1977. Thereafter she had no problems with her left knee until she experienced "this awful pain again in that left knee" toward the end of 1978. She was hospitalized for that pain in December 1978 during which time she recalls that the doctor informed her "the pin had loosened" and that he performed surgery. The doctor's notes from her hospitalization in December 1978 indicate that the knee prosthesis had broken, but although the doctor

believes he advised the plaintiff of this fact, she maintains that she was not informed that the knee prosthesis had failed until over a year later when she was again hospitalized and underwent further surgery on February 19, 1980. The plaintiff filed this action on November 15, 1982.

 As explained in *Fidler v. Eastman Kodak*, "the cause of action does not accrue until the plaintiff learns or reasonably should have learned that he has been injured by the defendant's conduct" both for negligence and breach of warranty claims in the products liability context. 714 F.2d 192, 196–97 (1st Cir.1983). *Cf. Olsen v. Bell Telephone Laboratories*, 388 Mass. 171, 174–75 (1983) (establishing this rule for negligence claim in medical malpractice action). This notice necessary to trigger the statute of limitations, however, does not include notice that the defendant has breached a legal duty to the plaintiff. *Fidler*, 714 F.2d at 199. Therefore, in order to prevail, the defendant must show either that Mrs. Vigeant possessed the facts sufficient to connect her pain with the defendant's conduct or that her doctor's knowledge that the prosthesis had broken can be imputed to her.[1]

 Viewing the record in a light most favorable to the opposing party and indulging all inferences in that party's favor for purposes of a summary judgment motion under Fed.R.Civ.P. 56, the Court finds that the defendant has failed to establish the requisite notice of the cause of her injury under either of these grounds. First, the doctor's statement that "the pin had loosened" coupled with the plaintiff's long history of arthritic pain in her knee did not apprise the plaintiff that her pain might be linked with the manufacturer's conduct, but may even have misled her into attributing the loose pin to natural slippage. Such a situation is far from the knowledge of both the cause and the mechanics of causation the plaintiff admitted to knowing in the *Fidler* case. *See* 714 F.2d at 198–99.

Second, the doctor's knowledge even as evidenced in medical records did not constitute notice to the plaintiff where his statement to her about the pin having loosened in addition to his failure to schedule any subsequent surgery suggested that any problems had been remedied. And in fact, the plaintiff did not experience further pain until over a year later on December 26, 1979 for which she was eventually hospitalized in February 1980. Under these circumstances, the plaintiff should not reasonably be expected to have learned that the prosthetic knee might be defective until after November 15, 1979, well within the three-year limitations period.

 The defendant further asks for summary judgment on the strict liability claim on the grounds that it fails to state a claim distinct from that based on breach of warranty. To the extent that there is no separate doctrine of strict products liability in Massachusetts law, *see Swartz v. General Motors*, 375 Mass. 628, 629–31, 378 N.E.2d 61 (1978), the plaintiff's strict liability claim is dismissed. The Court notes, however, that Massachusetts warranty law is "a remedy intended to be fully as comprehensive as the strict liability theory of recovery that has been adopted by a great many other jurisdictions." *Back v. Wickes Corp.*, 375 Mass. 633, 639, 378 N.E.2d 964 (1978). *Accord, Swartz v. General Motors*, 375 Mass. at 630, 378 N.E.2d 61.

For the foregoing reasons, the Court denied the defendant's motion for summary judgment, except insofar as the strict liability claim is dismissed.

---

1. The defendant's contention that Robert Vigeant's claim of loss of consortium is time-barred similarly derives from these arguments. Therefore, the discussion below also provides the basis for denial of summary judgment in regard to his claim.